**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ARELI VEGA REYNA as next friend of J.F.G., a minor; K.G., a minor; J.D.V., a minor and J.D.V., a minor; <br><br> *Plaintiffs*, <br><br> and <br><br> MACARIO DIAZ MORALES, <br><br> *Petitioner/Plaintiff*, <br><br> on behalf of themselves and others similarly situated, <br><br> v. <br><br> RUSSELL HOTT, in his official capacity as Director of the Immigration and Customs Enforcement Virginia Field Office; THOMAS HOMAN, in his official capacity as Acting Director of the Department of Homeland Security; ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security; <br><br> *Defendants/Respondents*. | Civ. No.: |

**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND 28 U.S.C. § 2241 PETITION FOR A WRIT OF HABEAS CORPUS**

**COMES NOW Macario Diaz Morales**, in his own capacity in the above-entitled and numbered cause, and by authority of 28 U.S.C. § 2241, *et seq.* respectfully requests this Honorable Court grant his request for release from the custody of the U.S. Department of Homeland Security if its agency, Immigration and Customs Enforcement, unlawfully transfers him out of Virginia.

## CUSTODY

1.      Macario Diaz Morales is currently in the custody of Respondents at the Farmville Detention Center (FDC) in Farmville, Virginia. If he is transferred out of Virginia without his children having any notice or opportunity to be heard, such a transfer will be unlawful as it will deny them their fundamental constitutional right to family unity.

## PRELIMINARY STATEMENT

2.      Immigration and Customs Enforcement (ICE) frequently transfers detainees among its detention facilities, with the exceptions of nationals of El Salvador who are protected by the injunction in *Orantes-Hernandez v. Holder* (9th Cir. 2009). ICE usually gives no warning to detainees, their families, or their attorneys when such a transfer will take place. Transfers typically transport detainees to different states or across the country where additional ICE detention facilities exist, usually in remote areas, far away from their family.

3.      One tragic effect of such transfers is separating detainees from their children and making it impossible for children to have access to their parents or to visit them. This is true regardless of the immigration status of the children in question, but the children are very often United States citizens.

4.      This suit arises out of violations of the Due Process Clause and the belief that ICE is imminently planning to transfer the Plaintiffs' father, Macario Diaz Morales, from the Farmville Detention Center in Virginia where he is currently being held, without any notice to his children or opportunity for any party to be heard. Plaintiffs Areli Vega Reyna, as next friend of J.F.G., K.G., J.D.V., and J.D.V., all minor children of Macario

Diaz Morales, would be abruptly and suddenly denied their right to family unity if ICE transferred their father out of Virginia.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2201(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(e)(1). A substantial part of the events or omissions giving rise to this action occurred in this district and Plaintiffs reside in this district. Defendant Russell Hott has his principal place of business in this district. The defendants in this civil action are agencies of the United States or cabinet secretaries of the United States.

## PARTIES

7. Plaintiff J.F.G. is a 17-year-old U.S. Citizen and resident of Alexandria, Virginia. He is the step-son of Macario Diaz Morales. He sues by his mother and next friend Areli Vega Reyna.

8. Plaintiff K.G. is a 16-year-old U.S. Citizen and resident of Alexandria, Virginia. He is the step-son of Macario Diaz Morales. He sues by his mother and next friend Areli Vega Reyna.

9. Plaintiff J.D.V.is a 10-year-old U.S. Citizens and resident of Alexandria Virginia. He is the son of Macario Diaz Morales. He sues by his mother and next friend Areli Vega Reyna.

10. Plaintiff J.D.V. is a nine-year-old U.S. Citizen and resident of Alexandria, Virginia. He is the son of Macario Diaz Morales. He sues by his mother and next friend Areli Vega Reyna.

11. Plaintiff/petitioner Macario Diaz Morales is a resident of Alexandria, Virginia. On September 13, 2017, he was arrested by ICE on the charges that he is alleged to be present in the United States without inspection or admission, and was transported to the Farmville detention center, where he remains as of the date of filing this action. He is being held under color of law pursuant to 8 U.S.C. § 1226(a), since he has neither a final order of removal nor a criminal conviction that would render him subject to mandatory detention. He is the natural father of the above-named minor plaintiffs, and lived in family unity with them prior to his arrest by ICE.

12. Defendant Russell Hott is the Director of the Virginia Field Office of the U.S. Immigration and Customs Enforcement (ICE), an agency of the Department of Homeland Security. He oversees decisions regarding all ICE detainees in Virginia. Upon information and belief, he or his designee is the individual responsible for deciding *which* ICE detainees in Virginia will be transferred to detention facilities in other states, and which will remain at Farmville. He is sued in his official capacity.

13. Defendant Thomas Homan is the Acting Director for U.S. Immigration and Customs Enforcement, an agency of the Department of Homeland Security. He is responsible for overseeing all decisions, activities, and actions undertaken by ICE. Upon information and belief, he or his designee is the individual responsible for deciding *how many* ICE detainees in Virginia will be transferred to other states, and how many will remain at Farmville; and for setting ICE detention and transfer policies nationwide. He is sued in his official capacity.

14. Defendant Elaine C. Duke is the Acting Secretary of Homeland Security. She is responsible for overseeing the Department of Homeland Security, of which ICE is an agency. She is sued in her official capacity.

## LACK OF ADEQUATE REMEDY

15. No adequate remedy exists to prevent the unlawful transfer of Plaintiff Macario Diaz Morales out of his home state of Virginia, where he is currently being held and where his children live. The immigration court which determines venue for his immigration and bond proceedings has no jurisdiction over his physical placement in a given ICE detention facility. Upon information and belief, no process or procedure exists to challenge detainee transfer.

## FACTS

16. This action arises out of the belief that Macario Diaz Morales, father of the minor Plaintiffs in this suit, will be imminently transferred out of Virginia by ICE. This belief is based upon the fact that the Farmville detention center suspended his commissary account, which usually means that a transfer is imminent.

17. Mr. Morales has been detained at Farmville Detention Center since approximately September 13, 2017.

18. ICE routinely transfers detainees throughout the country to its various detention facilities. Upon information and belief, it does not provide notice of transfer to detainees, to their counsel, or to their families until the detainee has arrived at their destination.

19. Upon information and belief, the director of ICE or his designees determine the number of detainees who must be transferred from a particular detention

facility. Upon information and belief, the Field Office Director determines which individual detainees will be transferred and which will not.

20. There is no procedure for challenging a decision to transfer a detainee, either by the detainee or by his family or counsel. Family members and counsel alike must check the detainee locator on ICE.gov to locate their loved one or client once they learn he or she has been transferred. This information is usually at least one day outdated.

21. Upon information and belief, ICE plans to imminently transfer Mr. Morales out of Virginia to a different ICE detention facility in another state. Plaintiffs believe this to be true because they were told by Mr. Morales that his detainee account at Farmville detention center had been closed.

22. Counsel for Mr. Morales was unable to confirm the imminent transfer when counsel called the detention center on the afternoon of October 20, 2017. Counsel was informed that even when a center is aware of an imminent transfer, it is not at liberty to disclose that information to counsel or to family members until the detainee has arrived at his or her destination, after the transfer is complete.

23. Upon information and belief, ICE has a policy of rapidly transferring non-Salvadorian detainees to detention centers in other states.

*J.F.G.*

24. Plaintiff J.F.G. is a 17-year-old U.S. Citizen and resident of Alexandria, Virginia. He is the stepson of Macario Diaz Morales, who is currently detained in Virginia at the Farmville Detention Center.

25. Mr. Morales has cared for J.F.G. as a son since 2006, when J.F.G. was six years old. J.F.G. is a child with severe disabilities, including Down's Syndrome, and he is dependent upon both of his parents.

26. On September 13, 2017, Mr. Morales was arrested and detained by ICE at his home at 5:30 in the morning. J.F.G. was present and was seriously traumatized by the experience. J.F.G. frequently cries and asks for his stepfather. He is unable to visit his father due to his disabilities.

**K.G.**

27. Plaintiff K.G. is a 16-year-old U.S. Citizen and resident of Alexandria, Virginia. He is the stepson of Macario Diaz Morales, who is currently detained in Virginia at the Farmville Detention Center.

28. Mr. Morales has cared for K.G. as a son since 2006, when K.G. was five years old.

29. On September 13, 2017, Mr. Morales was arrested and detained by ICE at his home at 5:30 in the morning. K.G. was present, observed the arrest, and was seriously traumatized by the experience.

30. K.G. has visited his father on two occasions at Farmville Detention Center with his mother, Ms. Reyna, and two of his siblings, J.D.V. and J.D.V., since his father was detained.

**J.D.V.**

31. Plaintiff J.D.V. is a 10-year-old U.S. Citizen and resident of Alexandria, Virginia. He is the son of Macario Diaz Morales, who is currently detained in Virginia at the Farmville Detention Center.

32. On September 13, 2017, Mr. Morales was arrested and detained by ICE at his home at 5:30 in the morning. J.D.V. was present, observed the arrest, and was seriously traumatized by the experience.

33. J.D.V. has visited his father on two occasions at Farmville Detention Center with his mother, Ms. Reyna, and two of his siblings, K.G. and J.D.V., since his father was detained.

*J.D.V.*

34. J.D.V. is a nine-year-old U.S. Citizen and resident of Alexandria, Virginia. He is the son of Macario Diaz Morales, who is currently detained in Virginia at the Farmville Detention Center.

35. On September 13, 2017, Mr. Morales was arrested and detained by ICE at his home at 5:30 in the morning. J.D.V. was present, observed the arrest, and was seriously traumatized by the experience.

36. J.D.V. has visited his father on two occasions at Farmville Detention Center with his mother, Ms. Reyna, and two of his able siblings, K.G. and J.D.V., since his father was detained.

## CLASS ACTION ALLEGATIONS

37. The classes that Plaintiffs seek to represent is defined as follows:

   a. *Detainees with U.S. Citizen Children class:* Plaintiff Macario Diaz Morales seeks to represent a class of all individuals who are in removal proceedings and who, as of October 20, 2017 or any time thereafter, are detained by U.S. Immigration and Customs Enforcement, under the

authority of 8 U.S.C. § 1226, within the state of Virginia; and who have a U.S. citizen child also residing in the state of Virginia.

   b. *U.S. Citizen Children class:* Plaintiffs J.F.G., K.G., J.V.G. and J.V.G. seek to represent a class of all U.S. citizen children residing in the state of Virginia, and who, as of October 20, 2017 or any time thereafter, have a parent detained within the state of Virginia by U.S. Immigration and Customs Enforcement, under the authority of 8 U.S.C. § 1226. Petitioners reserve the right to amend the class definitions if discovery or further investigation reveals that the class should be expanded or otherwise modified.

38. Petitioners reserve the right to establish sub-classes as appropriate.

39. This action is brought and properly may be maintained as a class action under Fed. R. Civ. P. 23(a)(1)-(4).

40. <u>Numerosity</u>: The proposed classes are so numerous that joinder of all members is impracticable. While the precise size of the classes are unknown, Plaintiffs have reason to believe that each exceeds 150 people (and, as time goes by, will only grow). Upon information and belief, the average daily population of the main ICE detention center in Virginia is 300, and a great number of these have U.S.-born children. Nationwide, an estimated 7 percent of U.S. citizen children have an undocumented parent.

41. <u>Commonality</u>: There are multiple questions of law and fact common to the members of the proposed class. These common questions include whether Plaintiffs and the proposed class members have a constitutional right to family unity that, in turn, gives

them a due process right to notice and the opportunity to be heard by ICE prior to ICE taking the decision as to whether or not to transfer a given detainee to an out-of-state detention facility.

42. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the proposed classes, as all are presently subject to transfer by ICE to an out-of-state facility without notice or the opportunity to be heard regarding the effect of a transfer on their constitutionally protected right to family unity.

43. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the proposed classes. Plaintiffs' claims are identical to the members of the proposed classes, they have no relevant conflicts of interest with other members of the proposed classes, and they have retained competent counsel experienced in class-action and immigration law.

44. This action is brought and properly may be maintained as a class action under Federal Rule 23(b)(1), (b)(2), or (b)(3).

45. Separate actions by individual class members would create a risk of inconsistent or varying adjudications regarding the proposed class members' common legal question: whether there is a constitutional due process right to notice and an opportunity to be heard, prior to the ICE transferring the parent of a U.S.-citizen child to an out-of-state detention facility.

46. The U.S. government presently takes the position that no such right exists, and maintains no procedures by which any class members could seek to exert such a right. Thus, Defendants have acted or refused to act on grounds that apply generally to

the proposed class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the proposed class as a whole.

47. Common questions of law or fact predominate over questions affecting only individual members, and a class action is thus superior to other available methods for fairly and efficiently adjudicating the controversy. Individual class members do not have a strong interest in bringing individual lawsuits; even if individual class members had the resources to do so, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties, and to the court. Defendants have engaged in a common course of conduct, and the class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' common claims in a single forum.

## FIRST CAUSE OF ACTION
### Substantive Due Process

48. Plaintiffs incorporate by reference the allegations in paragraphs 1-47.

49. The Due Process clause of the constitution protects U.S. Citizens and immigrants who are physically present in the United States.

50. ICE's policies and actions, as set forth above, violate the substantive due process right to family unity of Plaintiff Morales (and all those similarly situated) by transferring him away from his children such that it prevents him from maintaining family unity with his children, as guaranteed by the Fifth Amendment to the U.S. Constitution.

51. ICE's policies and actions, as set forth above, violate the substantive due process right to family unity of Plaintiffs J.F.G., K.G., J.D.V. and J.D.V. (and all others similarly situated) by transferring their parent to a location that prevents them from maintaining family unity with their parent, guaranteed by the Fifth Amendment to the U.S. Constitution.

**SECOND CAUSE OF ACTION**
**Procedural Due Process**

52. Plaintiffs incorporate by reference the allegations in paragraphs 1-51.

53. The Due Process clause of the Constitution protects U.S. Citizens and immigrants who are physically present in the United States, and requires notice and opportunity to be heard before the government denies an important liberty or property right.

54. ICE's policies and actions, as set forth above, violate the procedural due process right to notice and an opportunity to be heard of Plaintiff Morales (and all others similarly situated) prior to transferring a parent away from his or her child, preventing family unity between parent and child, as guaranteed by the Fifth Amendment to the U.S. Constitution.

55. ICE's policies and actions, as set forth above, violate the procedural due process right to notice and an opportunity to be heard of Plaintiffs J.F.G., K.G., J.D.V. and J.D.V. (and all others similarly situated) prior to his or her parent being transferred away from a child, preventing family unity between parent and child, as guaranteed by the Fifth Amendment to the U.S. Constitution.

## THIRD CAUSE OF ACTION
### Habeas Corpus

56. Plaintiffs allege and incorporate by reference Paragraphs 1 through 55 above.

57. Should Respondents transfer Petitioner Morales to a detention center outside of Virginia, without first having given him or his minor U.S.-citizen children notice and an opportunity to be heard, then Respondents' detention of Petitioner Morales will be unlawful, and a writ of habeas corpus should issue.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court provide the following relief:

58. Assume jurisdiction over this matter;

59. Declare unlawful defendants' policy and practice of transferring detainees with children away from their children without adequate notice or an opportunity to be heard;

60. Declare unlawful Respondents' custody over Mr. Morales if it transfers him out of Virginia without affording him and his children adequate notice and an opportunity to be heard;

61. Order defendants to give plaintiffs, and all class members, reasonable notice and a reasonable opportunity to be heard, prior to transferring them to a detention center outside of Virginia;

62. Award plaintiffs their costs and reasonable attorney's fees; and

63. Any other relief this Court deems just and proper.

Plaintiffs request a jury trial on all issues so triable.

Respectfully submitted,

LEGAL AID JUSTICE CENTER


By: _____/s/ Rebecca Ruth Wolozin_____     Date: 10/20/2017
Rebecca Ruth Wolozin (VSB No: 89690)
Simon Sandoval-Moshenberg (VSB No.: 70110)
6066 Leesburg Pike #520
Falls Church, Virginia 22041
(703) 778-3450 / Fax: (703) 778-3454
becky@justice4all.org
simon@justice4all.org
*Counsel for the Plaintiffs*