IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ARELI VEGA REYNA as next friend of J.F.G., a minor; K.G., a minor; J.D.V., a minor and J.D.V., a minor; | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| and | ) ) | |
| MACARIO DIAZ MORALES, | ) ) | |
| *Petitioner/Plaintiff*, | ) ) | |
| on behalf of themselves and others similarly situated, | ) ) ) | |
| v. | ) ) | Civ. No.: 1:17-cv-1192 |
| RUSSELL HOTT, in his official capacity as Director of the Immigration and Customs Enforcement Virginia Field Office; THOMAS HOMAN, in his official capacity as Acting Director of the Department of Homeland Security; ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security; | ) ) ) ) ) ) ) ) ) | |
| *Defendants/Respondents*. | ) ) | |

**PETITIONERS' EMERGENCY APPLICATION FOR**

**A TEMPORARY RESTRAINING ORDER**

1

**INTRODUCTION**

1. Plaintiffs are an immigrant father currently detained by ICE in Virginia, Macario Diaz Morales ("Mr. Morales"), and his four minor U.S. Citizen children, J.F.G., K.G., J.D.V., and J.D.V., currently residing in Virginia. Upon information and belief, respondents imminently intend to transfer Mr. Morales out of the State of Virginia to another ICE detention facility.

2. Plaintiffs are at risk of serious harm to their parent-child relationship and their right to family unity from the imminent unlawful transfer of Mr. Morales out of Virginia to a different ICE detention facility. The plaintiffs have a strong and loving relationship and are struggling to maintain that relationship even when they are all in the same state. Because they are in the same state, they are able to visit and communicate, maintaining their parent-child contact. Although Mr. Morales' detention has had a detrimental effect on his children's well-being, it has been mitigated by their ability to visit him and by knowing that he is not far from their home. Likewise, being able to visit with his children is of fundamental importance to Mr. Morales, who has always been a deeply involved and loving parent. The plaintiffs require relief from respondents' imminent transfer of Mr. Morales away from his children.

3. The Fourth Circuit has recognized the fundamental right to family unity, a right that is reciprocal between parent and child. *D.B. v. Cardall*, 826 F.3d 721, 740 (4th Cir. 2016). A deprivation of the care and comfort of one's children and one's parents is a fundamental interest protected by the due process requirements of the constitution. *Id.* It is therefore a violation of constitutional due process requirements to deprive a parent of his child and to deprive a child of his parents without due process of law. *Id.* Respondents intent to imminently transfer Mr. Morales out of Virginia and away from his children threatens irreparable harm to both Mr. Morales and to his minor children, all of whom would be unlawfully deprived of their right to family unity.

4. Pursuant to Fed. R. Civ. P. 65, plaintiffs respectfully request that this Court issue a temporary restraining order that forbids respondents from removing plaintiffs from the State of Virginia for a period of two weeks.

## FACTUAL BACKGROUND

5. Plaintiff Macario Diaz Morales (Mr. Morales) is the father of four minor U.S. Citizen children and was recently arrested and detained by ICE at his home. He is currently being detained at Farmville Detention Center in Farmville, Virginia.

6. Mr. Morales has been detained at Farmville Detention Center since approximately September 13, 2017.

7. Plaintiffs J.F.G., K.G., J.D.V., and J.D.V. are minor U.S. Citizen children and the sons of Mr. Morales. K.G., J.D.V., and J.D.V. have twice visited their father with their mother, Areli Vega Reyna ("Ms. Reyna") at Farmville Detention Center, and have planned additional visits for the coming weekends.

8. Minor plaintiffs have a close, caring, and loving relationship with their father, Mr. Morales. They have been devastated by his detention and consoled only by their ability to visit their father.

9. Upon information and belief, respondents intend to imminently transfer Mr. Morales out of Virginia to an ICE detention facility in another state.

10. If such a transfer occurs, Mr. Macario and his minor children will be deprived of their right to family unity without any due process of law.

## JURISDICTION

11. This Court has jurisdiction to enjoin respondents planned transfer of plaintiff, Mr. Morales. Mr. Morales is currently detained in Virginia, and his children reside in Alexandria,

Virginia. Plaintiffs' due process and habeas claims are properly before the Court pursuant to 28 U.S.C. §§ 1331 and 2201(a) establishing federal jurisdiction over constitutional claims.

## LEGAL STANDARD

12. "The standard for granting either a [temporary restraining order] or a preliminary injunction is the same." *United States ex rel. $12,642.00 U.S. Currency v. Virginia*, No. 2:03-cv-724, 2003 WL 23710710, at *1 (E.D. Va. Dec. 10, 2003). A court may grant either form of relief where a plaintiff demonstrates the following four factors: (1) a likelihood of success on the merits of its case, (2) a likelihood of suffering irreparable harm absent relief; (3) that "the balance of equities tips in [Plaintiffs'] favor"; and (4) that "an injunction would be in the public interest." *Bristol Univ. v. Accrediting Council for Indep. Colleges and Schools*, No. 1:16-cv-307, 2016 WL 1688760, at *5 (E.D. Va. April 25, 2016). Courts may use injunctive relief to "preserve the relative positions of the parties until a trial on the merits can be held." See *G.G. ex. Rel. Grimm v. Gloucester Cnty. Sch. Bd.*, ___F.3d___, 2016 WL 1567467, at *9 (4th Cir. April 19, 2016) ("The purpose of a preliminary injunction is . . . to preserve the relative positions of the parties until a trial on the merits can be held.") (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).

## ARGUMENT

**The TRO Plaintiffs Likely Will Prevail On Their Constitutional Claims.**

13. For reasons explained more fully in the accompanying complaint, plaintiffs have a substantial likelihood of prevailing on the merits. Four of the five petitioners are U.S. Citizens and the fifth, Mr. Morales, is a long time resident of Virginia with strong ties to the U.S. The Fourth Circuit recognizes the reciprocal fundamental right to family unity between parents and children. *D.B. v. Cardall*, 826 F.3d at 740.

4

**Petitioners will suffer irreparable harm if the requested temporary restraining order does not issue.**

14. First, if Mr. Morale is transferred out of state, he may lose the opportunity to bring the underlying constitutional challenges to his transfer because those responsible for his transfer are located in Virginia, as are his counsel. He must remain in Virginia to be able to protect his ability to file for a preliminary injunction and bring this constitutional challenge.

15. Second, if Mr. Morales is transferred out of the state, he and his children will lose any meaningful opportunity to continue to maintain a relationship with him while he is in detention. Particularly for Mr. Morales' minor children, this deprivation can have an immense impact on their well-being and development, and will contribute to chronic and toxic stress that can have lifelong negative effects on their health.

**The Balance of the Equities Favors the Plaintiffs Because, Absent an Injunction, They Face Greater Potential Harms Than Defendants**

16. "In considering the balance of the equities . . ., the Court is obligated to make an assessment of the harms facing both parties." *Bristol Univ.*, 2016 WL 1688760, at *6 (quotations and citation omitted). Here the balance favors the plaintiffs and dictates that the requested injunction be granted.

17. Absent an injunction, the plaintiffs face serious unlawful interference in their right to family unity. Their already limited opportunity to spent time together as parent and child would be severed completely, as the government attempts to make the separation permanent.

18. In contrast, maintaining the status quo and refraining from transferring Mr. Morales out of Virginia will cause minimal burden for the government. It does not change the government's jurisdiction over him or their ability to detain him and pursue his removal. If

anything, transferring Mr. Morales out of Virginia creates an additional burden and cost if they are then required to return him to Virginia by order of the court.

**An Injunction Preventing Defendants From Breaching The TRO Plaintiffs' Leases Serves The Public Interest**

19. The public interest will be well served by an injunction preventing respondents from transferring plaintiff Mr. Morales out of Virginia by preserving the ability to litigate and pursue their constitutional rights in court is in the public interest. Transferring Mr. Morales creates jurisdictional issues outside of his control and raises barriers to access to the courts to pursue claims and use the courts to protect plaintiffs' constitutional rights.

20. In addition, the public interest will be well served if the courts protects the rights of children and parents while they pursue their claims. The minor plaintiffs are child residents of Virginia, and attend public schools and are active members of their community. Preventing their father's transfer and preserving their ability to visit with him will protect an important source of resilience for them and a way for them to cope with their father's detention. It will have positive repercussions in their well-being, and by extension, to the wellbeing of the students and children with whom they learn.

21. By contrast, the relief that plaintiffs seek will have only a limited impact on them. Plaintiffs seek an injunction simply requiring that Mr. Morales be permitted to remain in detention in the facility in which he is currently being held. Respondents would still be able to hold Mr. Morales in custody pending his forthcoming bond hearing.

## CONCLUSION

22. For the foregoing reasons, the Court should grant the plaintiffs' Motion for Temporary Restraining Order for fourteen days to allow Plaintiffs to file a motion for a

preliminary injunction requiring respondents to refrain from transferring plaintiff Mr. Morales out of Virginia.

Respectfully submitted,

LEGAL AID JUSTICE CENTER

By: _____/s/ Rebecca Ruth Wolozin_____  Date: 10/20/2017
Rebecca Ruth Wolozin (VSB No: 89690)
Simon Sandoval-Moshenberg (VSB No.: 70110)
6066 Leesburg Pike #520
Falls Church, Virginia 22041
(703) 778-3450 / Fax: (703) 778-3454
becky@justice4all.org
simon@justice4all.org
*Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

**Certificate of Service**

    I, the undersigned, hereby certify that on this date, a true and correct copy of the foregoing, as well as all attachments thereto, was emailed to:

Dennis Barghaan, Assistant U.S. Attorney
Chief of Civil Division
U.S. Attorney's Office
Eastern District of Virginia
Dennis.Barghaan@usdoj.gov


    Respectfully submitted,

  _/s/ Rebecca R. Wolozin_____                     Date: October 20, 2017
Rebecca Ruth Wolozin
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike #520
Falls Church, VA 22041