**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| ARELI VEGA REYNA et al., | |
| Plaintiffs, | |
| v. | Case No. 1:17-cv-1192-LO-TCB |
| RUSSELL HOTT et al., | |
| Defendants | |

**Memorandum in Opposition to Defendants' Motion to Delay Their Response to
Plaintiffs' Motion for Class Certification**

Defendants have asked the Court to allow them to delay their response to Plaintiffs'
class-certification motion until after the Court has decided whether to dismiss the named
Plaintiffs' underlying claims. (ECF No. 19). While Defendants argue that this would promote
judicial economy, that goal is better served by deciding the issue of class certification first. And
as the Seventh Circuit has observed, treatment of plaintiffs and defendants is supposed to be
symmetric and should avoid mootness problems, "which is possible only if a class is certified (or
not) before decision on the merits." *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 455 (7th
Cir. 2007). For these reasons, the Court should deny Defendants' motion and adopt the briefing
schedule proposed by Plaintiffs.

**A. Resolving the class-certification issue before ruling on the motion to dismiss
promotes judicial economy.**

First and foremost, if the motion to certify the class is granted, the result will be binding
on all members of the putative class (save for those who opt out), promoting judicial efficiency.
*See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006); *Bowling*

1

*v. Pfizer, Inc.*, 142 F.R.D. 302, 303 (S.D. Ohio 1991). By contrast, if the Court decides the dismissal motion first, then even if the motion to dismiss is granted, the result will bind only the named Plaintiffs, leaving the remaining thousands of potential class members free to file more lawsuits and try again—undermining judicial efficiency. *See id.* The reason is straightforward: Plaintiffs' proposed class is large, and certification will allow the court to rule on legal issues common to all of them in one stroke, rather than in a multitudinous series of individual suits. As Plaintiffs note in their class-certification motion, over 3,200 people were held in immigration detention in Virginia during the 2014 fiscal year, many of whom may be assumed to have U.S. citizen children, and there is no reason to believe that Plaintiffs' proposed class will be any smaller. *See* ECF No. 9, Plaintiffs' Motion for Class Certification at 14–15. Thus judicial economy is best served by deciding the class-certification question now.

Defendants counter that precertification rulings on dispositive motions promote judicial economy by limiting the use of the class action process for cases that are weak on the merits. (ECF No. 19, Defs.' Brief at 2). However, as another district court has observed, this rationale chiefly applies to complaints that are facially defective or plainly incurable—in other words, in cases where the complaint should obviously be dismissed. *See Cirzoveto v. AIG Annuity Ins. Co.*, No. 206-cv-02534-BBD-EGB, 2009 WL 10665238, at *1 (W.D. Tenn. Mar. 2, 2009). Here, by contrast, Plaintiffs' complaint raises a serious constitutional issue of first impression, one that rests on a constitutional right recognized by the Fourth Circuit. The parties and the Court have an interest in having this issue decided definitively, not just as to the individual Plaintiffs, but to all persons in removal proceedings—and their U.S. citizen children—whose rights are affected by Defendants' no-notice policy with regards to detainee transfers. As this case concerns an

important issue of first impression, Defendants' judicial-economy argument is unpersuasive, and their motion to delay briefing should be denied.

### B. Delayed briefing on the class-certification unnecessarily raises the possibility of mootness.

Waiting to decide the class-action question until after the motion to dismiss has been resolved risks denying the court the opportunity to rule on an important legal issue that affects thousands of individuals. As Plaintiffs have noted in their class certification motion, the claims in this case are "inherently transitory," meaning that an individual Plaintiff's interest in the litigation has a substantial risk of becoming moot as time passes.[1] (ECF No. 9, Plaintiffs' Motion for Class Certification at 25–28). Plaintiffs' claims in this case are quintessentially transitory, as they seek to challenge ICE's policy of transferring people who are in removal proceedings; if a Plaintiff is no longer in removal proceedings (whether because he has been deported, or whether he has been awarded permanent relief), he or she is no longer subject to immigration detention and thus the policy at issue, and therefore has no ongoing stake in challenging it. This is a strong justification for the Court to rule on the class-certification issue now; if the court waits until Defendants' motion to dismiss is ultimately resolved, the named Plaintiffs' underlying removal proceedings may already be over—particularly were the Court to grant the dismissal motion and the Plaintiffs seek reversal by the Fourth Circuit, a process that can take over a year. Plaintiffs

---

[1] These mootness concerns are more than speculative; Defendants have already raised a mootness objection to Plaintiff Macario Diaz Morales's claims in their motion to dismiss based on the way his removal proceedings have progressed, and they threaten to do so in Plaintiff Humberto Ramos Raygoza's case as well. (See Defs.' Motion to Dismiss, ECF No. 16 at 22–23). Plaintiffs' brief in opposition to the Motion to Dismiss will explain in detail why their claims are not presently moot. *See* 8 C.F.R. 1236.1(c)(9); *Hernandez v. Lynch*, 2016 WL 7116611, at *12 (C.D. Cal. Nov. 10, 2016), *aff'd sub nom. Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). But the mere fact that potential mootness issues are already arising shows the necessity of deciding the class-certification question as soon as practicable.

have very little control over how long their removal proceedings will last, and thus how long they will potentially remain subject to Defendants' unconstitutional transfer policy. *See Gerstein v. Pugh*, 420 U.S. 103, 111 n.11 (1975) ("The length of pretrial custody cannot be ascertained at the outset, and it may be ended at any time…"). This makes early resolution of the class-certification issue especially important, so that putative class members can seek redress for constitutional violations without fear that they have not been subject to the violation long enough to challenge it. Thus, the Court should hear briefing on the class-certification issue now.

### C. Prompt briefing of the class-certification issue promotes fairness to the Defendants and avoids the problem of "one-way intervention."

Finally, deciding the class-certification issue at this time promotes fairness to the Defendants as well. As a district court in the Fourth Circuit has observed, "Ruling on dispositive motions prior to class certification may run the risk of encouraging class members to take advantage of a favorable ruling while not having to run the risk of an unfavorable ruling, a practice known as 'one-way intervention.'" *White v. Bank of Am., N.A.*, Civ. No. CCB-10-1183, 2012 WL 1067657, at *4 (D. Md. Mar. 27, 2012); *see also Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547, 94 S. Ct. 756, 763, 38 L. Ed. 2d 713 (1974); *In re Diamond Multimedia Sys., Inc. Sec. Litig.*, No. C 96-2644 SBA, 1997 WL 773733, at *1 (N.D. Cal. Oct. 14, 1997) (resolving class issues prior ruling on to a motion to dismiss); *Hart v. Crab Addision, Inc.*, 2016 WL 4010064, *1 n.2 (W.D.N.Y. 2016). This further counsels in favor of deciding the class-certification motion promptly. Defendants' motion should be denied.

### Conclusion

Deciding Plaintiffs' class-certification motion prior to ruling on Defendants' motion to dismiss would promote judicial economy, avoid mootness problems, and promote fair treatment of the parties. Thus, Plaintiffs respectfully request that the court deny Defendants' motion to

delay briefing. Plaintiffs would consent to a brief extension giving Defendants until December 20, 2017 to respond to the class-certification motion. Given the holidays, Plaintiffs would request a corresponding extension of time to file their reply brief, until January 3, 2018.  The motion could then be heard simultaneously with the Motion to Dismiss on January 12, 2018.

Respectfully submitted,

LEGAL AID JUSTICE CENTER

By:  /s/ Nicholas Cooper Marritz                                    Date: December 4, 2017
Nicholas Cooper Marritz (VSB No. 89795)
Rebecca Ruth Wolozin (VSB No. 89690)
Simon Sandoval-Moshenberg (VSB No. 70110
Angela Ciolfi (VSB No. 65337)
Sophia Gregg (VSB No. 91582)
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 778-3450
Fax: (703) 778-3454
nicholas@justice4all.org
becky@justice4all.org
simon@justice4all.org
angela@justice4all.org
sophia@justice4all.org
*Counsel for the Plaintiffs*

**Certificate of Service**

I hereby certify that on December 4, 2017, I electronically filed the foregoing Memorandum in Opposition to Defendants' Motion to Delay Their Response to Plaintiffs' Motion for Class Certification with the Clerk of Court using the CM/ECF system, causing a notification of electronic filing to be sent to counsel for all parties.

By: /s/ Nicholas Cooper Marritz                                    Date: December 4, 2017
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 778-3450
Fax: (703) 778-3454
nicholas@justice4all.org
*Counsel for the Plaintiffs*