IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **ARELI VEGA REYNA**, *et al.*, | * | |
| Plaintiffs, | * | CASE NO. 1:17-CV-1192-LO-TCB |
| v. | * | |
| **RUSSELL HOTT**, *et al.*, | * | |
| Defendants. | * | |

## AMENDED MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION

Pursuant to E.D. Va. R. 7(F)(1), Defendants Russell Hott, et al. ("Defendants") respectfully submit the instant reply memorandum of law in support of their motion for leave to file the supplemental declaration of Adonnis T. Smith ("Smith Decl.")

### INTRODUCTION

In their Reply memorandum, Defendants argued that the individual claims of Plaintiffs Macario Diaz Morales and Humberto Ramos Raygoza are moot because they have been released from immigration detention and, as "Plaintiffs themselves acknowledge, after their release on bond ordered by an immigration judge, [U.S. Immigration and Customs Enforcement ("ICE")] can redetain Mr. Diaz Morales and Mr. Ramos Raygoza only 'upon a finding of changed circumstances.' Opp'n 10 (citing *Saravia v. Sessions*, No. 17-cv-03615, 2017 WL 5569838, at *16 (N.D. Cal., Nov. 20, 2017) (quoting, in turn, *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981))." Reply Mem. 12 (ECF No. 28).

Defendants seek leave to file the Smith Declaration to clarify that *Matter of Sugay* does not establish or recognize any binding authority requiring ICE to make a finding of changed

1

circumstances before redetaining an alien previously released on bond ordered by an immigration judge. As a matter of practice, however, ICE does not redetain aliens who have been released on bond ordered by an immigration judge without a material change in circumstances. Such a change in circumstances can include, but is not limited to, an alien committing a new criminal offense or failing to report for scheduled check-in appointments with immigration officials. In addition, in this case, Defendant ICE Virginia Field Office has determined that unless it finds materially changed circumstances relating to Mr. Diaz Morales and Mr. Ramos Raygoza, it will not redetain them during the pendency of their removal proceedings. Thus, because Mr. Diaz Morales and Mr. Ramos Raygoza's redetention is not reasonably foreseeable, their individual claims are moot. *See Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975).

Dated: February 6, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
U.S. Department of Justice, Civil Division

DANA J. BOENTE
United States Attorney

WILLIAM C. PEACHEY
Director
Office of Immigration Ligation
District Court Section

JEFFREY S. ROBINS
Assistant Director

*/s/ Hans H. Chen*
HANS H. CHEN
Senior Litigation Counsel

JULIAN M. KURZ
Trial Attorney

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 305-4469
Fax: (202) 305-7000
hans.h.chen@usdoj.gov

DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax: (703) 299-3983
dennis.barghaan@usdoj.gov

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that on January 6, 2018, I will file the foregoing document with the Clerk of Court through the Court's ECF system, which will then send a notification of electronic filing to counsel for all parties.

Dated: January 6, 2018
                                */s/ Hans H. Chen*
                                HANS H. CHEN
                                Senior Litigation Counsel
                                U.S. Department of Justice, Civil Division
                                Office of Immigration Litigation
                                District Court Section

                                ATTORNEY FOR DEFENDANTS