**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **ARELI VEGA REYNA et al.** ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | |
| v. ) | Civ. No.: 1:17-cv-01192-LO-TCB |
| ) | |
| **RUSSELL HOTT et al.** ) | |
| ) | |
| *Defendants/Respondents*. ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO RESPONDENTS' AMENDED MOTION FOR LEAVE
TO FILE SUPPLEMENTAL DECLARATION**

Plaintiffs Areli Vega Reyna et al. oppose Defendants' Motion for Leave to File Supplemental Declaration, ECF No. 33, because Defendants had every opportunity to file their declaration (the "Smith Declaration") within the briefing schedule and certainly prior to oral argument; because a declaration of the practices of a local ICE Field Office cannot possibly affect the court's analysis of the case *as a matter of law*; and because the declaration contains no new or clarifying information and is instead virtually meaningless. For the reasons stated in our Opposition to Defendants' Motion to Dismiss, ECF No. 28, and explained at oral argument, the case is not moot.

Fed. R. Civ. P. 31 and E.D. Va. R. 7(F)(1) clearly outline the timeline for briefing in a civil matter. Indeed, in this case, the timeline was extended to accommodate counsel for both Plaintiffs and Defendants. ECF No. 25. Pursuant to these rules, Defendants have had two opportunities to present their arguments in writing prior to oral argument, in their Motion to Dismiss, ECF No. 15, and in their Reply to Plaintiffs' Opposition to their Motion to Dismiss,

ECF No. 28. The declaration Defendants wish to file does not contain any information that was not available prior to and during the briefing schedule or prior to the oral argument. As much as Defendants may wish they had included this argument and declaration in their Reply to Plaintiffs' Opposition to their Motion to Dismiss, which they certainly could have done, such a desire does not constitute good cause for circumventing the local and federal rules of the court.[1]

Furthermore, the practices of a local ICE Field Office cannot possibly affect the Court's analysis of whether a precedential decision, *Matter of Sugay*, 17 I. & N. Dec. 637 (BIA 1981), is controlling *as a matter of law*. The Court did not request further briefing, let alone "clarification" on *Matter of Sugay* or on the standard required for re-detaining an alien previously released on bond. Nor could the Smith Declaration offer any such clarity, because it purports to present factual information about ICE practices rather than legal argument and analysis. These legal arguments were thoroughly briefed, as the Court acknowledged, and the Smith Declaration cannot and does not now add further, and unnecessary, clarity.

If anything, the Smith Declaration muddies the waters. It makes no firm statement as to whether or under what circumstances ICE would or would not re-detain the Plaintiffs that were previously released on bond. In fact, the declaration states almost exactly what Plaintiffs themselves argued in oral argument, but in more general and confusing terms: that ICE may re-detain an alien previously released on bond if there has been a material change in circumstances. However, the description of changed circumstances provides no clarity whatsoever: "Such a change in circumstances *can include, but is not limited to*, an alien charged with a new criminal offense, the *failure to comply with a condition of release*, or the issuance of an order of removal." ECF No. 33-1. As Plaintiffs explained at oral argument, conditions of release are wide

---

[1] In addition, the declaration is undated. Aside from violating 28 U.S.C. § 1746, this makes it unclear whether the document was executed before or after the hearing on the Motion to Dismiss.

ranging, and failure to comply can mean failing to update a change of address within a specified period of time, missing an ICE check-in for any reason at all, or any number of other requirements. Thus the declaration provides no clarifying information and instead further dilutes the information that has already been presented to the Court.

Defendants argue that Mr. Diaz Morales and Mr. Ramos Raygoza's re-detention is not reasonably foreseeable, and that their individual claims are therefore moot. As explained in Plaintiffs' Opposition to Defendant's Motion to Dismiss, ECF No. 27, and at oral argument, Mr. Diaz Morales and Mr. Ramoz Raygoza remain subject to possible re-detention and their release is thus comparable to parole or probation. The Fourth Circuit recognized that both probation and parole constitute custody for the purposes of habeas relief. *Bishop v. County of Macon*, 484 Fed.Appx. 753, 755 (4th Cir. 2012) ("Because John was on probation, he satisfied the custody requirement for habeas relief"). Furthermore, the Supreme Court has clearly held that those subject to re-detention if they do not satisfy parole requirements remain in the custody of their jailer, because they "can be rearrested at any time the Board or parole officer believes [they] have] violated a term or condition of [their] parole . . . with few, if any, of the procedural safeguards that normally must be and are provided." *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963). The individual requirements of parole are unimportant. Rather, "what matters is that they significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do. Such restraints are enough to invoke the help of the Great Writ." *Id.* Therefore, regardless of the local ICE Field Office's policy regarding the circumstances under which they would re-detain aliens, Plaintiffs Diaz Morales and Ramoz Raygoza remain in constructive ICE custody and their individual claims are not moot.

For the foregoing reasons, Plaintiffs oppose Defendants' untimely Motion to File a Supplemental Declaration and the Court should deny their motion.

Respectfully submitted,

LEGAL AID JUSTICE CENTER

By:  \_\_\_\_\_/s/ Rebecca Ruth Wolozin_____     Date: 02/07/2018
Rebecca Ruth Wolozin (VSB No: 89690)
Simon Sandoval-Moshenberg (VSB No.: 70110)
Angela Ciolfi (VSB No.: 65337)
Sophia Gregg (VSB No.: 91582)
Nicholas C. Marritz (VSB No.: 89795)
6066 Leesburg Pike #520
Falls Church, Virginia 22041
(703) 778-3450 / Fax: (703) 778-3454
becky@justice4all.org
simon@justice4all.org
angela@justice4all.org
sophia@justice4all.org
nicholas@justice4all.org
*Counsel for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February 2018, Plaintiffs' Opposition to Defendants' Motion to File Supplemental Declaration was uploaded to this court's CM/ECF system. This system will then send a notification of electronic filing to counsel for all parties.

Dated: February 7, 2018　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　Rebecca R. Wolozin, VSB No. 89690
　　　　　　　　　　　　　　　　　　　(becky@justice4all.org)
　　　　　　　　　　　　　　　　　　　LEGAL AID JUSTICE CENTER
　　　　　　　　　　　　　　　　　　　6066 Leesburg Pike, Suite 520
　　　　　　　　　　　　　　　　　　　Falls Church, VA 220041
　　　　　　　　　　　　　　　　　　　(703) 720-5606

　　　　　　　　　　　　　　　　　　　By: __/s/ Rebecca R. Wolozin_____
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs