IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| ARELI VEGA REYNA, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | CASE NO. 1:17-CV-1192-LO-TCB |
| | * | |
| v. | * | |
| | * | |
| RUSSELL HOTT, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION

Pursuant to E.D. Va. R. 7(F)(1), Defendants Russell Hott, et al. ("Defendants") submit the instant reply memorandum of law in support of their motion for leave to file the declaration of Adonnis T. Smith ("Smith Declaration"). Defendants seek leave to file the Smith Declaration only to clarify Defendants' position on the circumstances that permit the redetention of Plaintiffs Macario Diaz Morales and Humberto Ramos Raygoza after their release from immigration detention on bond. The sole purpose of this motion is thus to ensure that Defendants' have *accurately* stated their legal position to this Court – not to provide further briefing on the subjects at issue in the pending motion to dismiss or somehow to introduce new "evidence" for this Court to consider.

The timing of Defendants' motion for leave to file the Smith Declaration arises from the fact that shortly after oral argument on Defendants' Motion to Dismiss, undersigned counsel learned, during a matter unrelated to this one, that Defendant U.S. Immigration and Customs Enforcement ("ICE"), as a national litigation policy, does not understand *Matter of Sugay*, 17 I. & N. Dec. 637 (BIA 1981), as providing binding authority on the circumstances when an alien

1

can be redetained by ICE after release on bond ordered by an immigration judge. Defendants then diligently sought out a declarant with sufficient authority to discuss ICE's position on this issue and then filed the Smith Declaration as soon as the declarant had executed it.

By seeking to file the Smith Declaration, Defendants merely seek to note their position that the prerequisite of changed circumstances for any redetention of Mr. Diaz Morales and Mr. Ramos Raygoza's arises not from a BIA decision but as a matter of practice in the ICE Field Office with responsibility over them. Regardless, however, of whether the Court relies upon *Matter of Sugay* or the Smith Declaration, both indicate that Mr. Diaz Morales and Mr. Ramos Raygoza can be redetained only upon a change in circumstances.

Because the Smith Declaration more accurately reflects Defendants' position, and because Plaintiffs are not prejudiced by its filing, the Court should grant leave for its filing.

Dated: February 9, 2018					Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
U.S. Department of Justice, Civil Division

DANA J. BOENTE
United States Attorney

WILLIAM C. PEACHEY
Director
Office of Immigration Ligation
District Court Section

JEFFREY S. ROBINS
Assistant Director

*/s/ Hans H. Chen*
HANS H. CHEN
Senior Litigation Counsel

JULIAN M. KURZ
Trial Attorney

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 305-4469
Fax: (202) 305-7000
hans.h.chen@usdoj.gov

DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax: (703) 299-3983
dennis.barghaan@usdoj.gov

ATTORNEYS FOR DEFENDANTS

# CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2018, I will file the foregoing document with the Clerk of Court through the Court's ECF system, which will then send a notification of electronic filing to counsel for all parties.

Dated: February 9, 2018	*/s/ Hans H. Chen*
HANS H. CHEN
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section

ATTORNEY FOR DEFENDANTS